UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKIE COOK, Individually and as § | | |
| Natural Mother to DEANNA COOK, et al., § | | |
| Plaintiffs, § | | CIVIL ACTION NO. |
| § | | |
| v. § | | 3:12-CV-3788-L |
| § | | ECF |
| THE CITY OF DALLAS; § | | |
| THE CITY OF DALLAS POLICE § | | |
| DEPARTMENT; et al., § | | |
| Defendants. § | | |

**DEFENDANT DALLAS POLICE DEPARTMENT'S RULE 12(b)(6)
MOTION TO DISMISS, AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

  Defendant Dallas Police Department ("DPD"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and N. D. Local Civil Rules LR 7.1 and LR 7.2, requests the Court to issue an order dismissing all of Plaintiffs' claims against the DPD because the DPD is a non-jural entity and does not have the capacity to be sued.

  **I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

  1.1 Plaintiffs' claims arise from the handling of a "9-1-1" assistance call by Deanna Cook, deceased ("Cook") on 17 August 2012. In summary, Plaintiffs' complaint alleges that the City of Dallas (the "City"), the DPD, and various City employees mishandled Cook's 9-1-1 call, which resulted in Cook's death at the hands of a non-governmental assailant. Plaintiffs' complaint asserts constitutional claims arising under the 14th Amendment, and survival and wrongful death actions arising under Texas law. (*See generally* Plaintiffs' Original Complaint) (ECF #1)) (the "Complaint"). Plaintiffs bring suit against both "the City of Dallas" and "the City of Dallas Police Department." (*See* Complaint at PageID 1-2, 3-4 ¶¶ 9, 10.)

1.2     Plaintiffs filed the civil action on 19 September 2012.  (*See* Court's Docket.)  That same day the Dallas city secretary was served with a copy of the Complaint and a summons to "The City of Dallas Police Department."  (*See* ECF #4 at PageID 47.)

## II.     ARGUMENT AND AUTHORITIES

2.1     Rule 17 of the Federal Rules of Civil Procedure states that the capacity of an entity to be sued shall be determined by the law of the state in which the district court is seated.

2.2     Because the City of Dallas is a home rule municipality, Texas law grants the City the authority to organize a police force.  Tex. Loc. Gov't Code Ann. Section 341.003 (Vernon 1999 & Supp. 2004).

2.3     The Dallas City Charter states that the City may sue and be sued, but does not grant the same capacity to the DPD.  *See* Dallas City Charter Chap. II Section 1(2).

2.4     Plaintiffs plead that "[t]he CITY OF DALLAS funds and operates the CITY OF DALLAS POLICE DEPARTMENT."  (Complaint at PageID 3-4 ¶ 10.)  However, Plaintiffs do not plead that the DPD is a legal entity separate and apart from the City itself.  (*See generally*, Complaint.)

2.5     Because the City Charter does not give the DPD the power to sue or be sued, Plaintiffs may not bring suit against the DPD, since it has no legal existence.  *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991) (dismissing a claim against a municipal police department under rule 12(b)(6) because the police department was a non-jural entity); *Vardas v. City of Dallas*, 54 F. App'x 592, at *1 (5th Cir. 2002) (unpublished) (affirming the dismissal of Dallas Police Department Property Room as non-jury entity, citing *Darby*).

2.6     This Court routinely dismisses section 1983 claims made against the Dallas Police Department on this basis.  *See, e.g., Johnson v. Dallas City Police Dep't*, No. 3:04-CV-1578-B,

2004 WL 2964968, at *2 (N.D. Tex. Dec. 15, 2004) (Fitzwater, C.J.), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (Dallas Police Department not a proper defendant with a jural existence, citing *Darby*); *Mugweni v. Wachovia, Inc.*, No. 3:08-CV-1524-G (N.D. Tex. Jan. 5, 2009) (Fish, S.J.) (same); *Al-Saraji v. City of Dallas*, No. 3:10-CV-1918-O (N.D. Tex. Nov. 12, 2010) (O'Connor, J.) (same). Therefore, the Court should grant this motion to dismiss for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant Dallas Police Department respectfully requests that the Court enter an order dismissing with prejudice Plaintiffs' claims against the Dallas Police Department, and further granting all other relief consistent with this motion.

Respectfully submitted,

THOMAS P. PERKINS, JR.
Dallas City Attorney

*s/ Jason G. Schuette*
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:    (214) 670.3519
Telecopier:   (214) 670.0622

ATTORNEYS FOR DEFENDANT
DALLAS POLICE DEPARTMENT

## CERTIFICATE OF SERVICE

      I certify that on 20 September 2012 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Aubrey Pittman
Kristin Kay Schroeder
The Pittman Law Firm, P.C.
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
*Attorneys for Plaintiffs*

      *s/ Jason G. Schuette*
      Executive Assistant City Attorney