IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VICKIE COOK, *et al.*, §
§
    Plaintiffs, §
§
v. § Civil Action No. 3:12-CV-3788-N
§
THE CITY OF DALLAS, §
§
    Defendant. §

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant the City of Dallas's ("City") motion for summary judgment. [230]. For the reasons set forth below, the Court grants the City's motion.

### I. ORIGINS OF THE DISPUTE

The Court is no stranger to the facts underlying this case. It has detailed the story of Deanna Cook and her family on several occasions. *See, e.g.*, August 1, 2017 Order 1-3, [216] ("MSJ Order"). Only two sets of claims remain in this dispute: (1) Plaintiffs' municipality liability claims against the City; and (2) Plaintiffs' various tort claims against the City. The City now moves for summary judgment on both of these claims.

### II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making

this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, she "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [her] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'"

*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

#### A. Plaintiffs' Municipal Liability Claim Fails Because There is No Underlying Constitutional Violation

Plaintiffs' allege that the City has a custom of discriminating in the provision of 9-1-1 services on the basis of "race, gender, socioeconomic, locality, and domestic violence classifications" that amounts to municipal liability under section 1983. Pls.' Br. in Supp. of Resp. to City of Dallas's Mot. for Summ. J. 21 [233] ("Resp."). For this claim to succeed, Plaintiffs must show that: "(1) an official policy, (2) promulgated by [a] municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Importantly, "if the plaintiff does not show any violation of his constitutional rights then there exists no liability to pass through to the [municipality]." *Brown v. Lyford*, 243 F.3d 185, 191 n.18 (5th Cir. 2001) (citing *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986)).

Even if all of Plaintiffs' allegations about the City's policies and customs were true, this Court has already determined that Plaintiffs suffered no underlying constitutional violation. Indeed, by previous Order, the Court held that it is beyond reasonable dispute that 9-1-1 dispatcher Angelia Herod-Graham did not discriminate or act with the intent to discriminate against Plaintiffs. MSJ Order at 6-10. This was the precise issue the Court wrestled with earlier in this litigation. March 15, 2016 Order 8, [175]. It held that *Heller* applied to block the Plaintiffs' claims against the City when all of the claims against

individual defendants were dismissed at the motion-to-dismiss or summary judgment stage for lack of evidence establishing a constitutional violation. *Id*. The Court sees no reason to change course now. Accordingly, because there was no underlying constitutional violation, the Court holds the City cannot be held liable under section 1983.

### *B. Plaintiffs' Various Tort Claims Fail*

The Court agrees with the City and construes the various state law tort claims Plaintiffs' raise in their complaint as: negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), section 1983 bystander claims, and common law bystander claims. Each of these claims fails.

Primarily, the City has sovereign immunity that shields it from any of Plaintiffs' tort claims. Plaintiffs first argue that the City lacks this protection because it was not acting in a purely governmental function, as required by Texas law. Resp. at 43. The Court disagrees. The Texas Civil Practice and Remedies Code and Texas case law explicitly state that police and ambulance services are governmental functions. TEX. CIV. PRACTICE AND REM. CODE §101.0215(a)(1), (18); *Gipson v. City of Dallas*, 247 S.W.3d 465, 469 (Tex. App. — Dallas 2008, pet. denied). The Court further holds that the City retained this immunity under the Texas Tort Claims Act ("TTCA"). Section 101.021(2) of the TTCA strips a municipality of its immunity for claims caused by a condition or use of tangible property. Plaintiffs argue that this section applies here because Herod-Graham used the City's Incident Editor, Premise History computer databases, and telephone equipment. Resp. at 44-45. But for section

101.021(2) to apply, the use of the City's property must be the proximate cause of the injury. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 726 (Tex. 2016). This requires:

> both "cause in fact and foreseeability." For a condition of property to be a cause in fact, the condition must "serve as a 'substantial factor in causing the injury . . . .'" When a condition or use of property merely furnishes a circumstance "that makes the injury possible," the condition or use is not a substantial factor in causing the injury. To be a substantial factor, the condition or use of the property "must actually have caused the injury." "This nexus requires more than mere involvement of the property . . . ." Thus, the use of property that simply hinders or delays treatment does not "actually cause the injury" and does not constitute proximate cause of an injury.

*Id.* (citations omitted). This is precisely what happened here. Just because Herod-Graham used the City's property does not mean that it was the proximate of the injury. There is nothing indicating it was. Accordingly, the Court holds that the City retains its immunity against all of Plaintiffs' tort claims.

Even if the City did not retain its immunity, however, each of Plaintiffs' different tort claims fail for independent reasons. First, Plaintiffs' NIED claim should be dismissed because NIED is not a cognizable claim under Texas law. *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993). Second, the TTCA specifically states that section 101.021(2) does not alter the City's immunity to claims of intentional torts like IIED. TEX. CIV. PRACTICE AND REM. CODE §101.057(2); *Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711, 748 (N.D. Tex. 2017) (citing *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014)). Third, because the Court has already held that the alleged deprivation of rights that Plaintiffs state forms the basis of their section 1983 bystander claim was not a deprivation of rights at all, the claim lacks any basis. Resp. at 47; MSJ Order at 6-10. Finally, as the Court has already stated, the Plaintiffs' common law bystander claim fails because "before a bystander may

recover, he or she must establish that the defendant has negligently inflicted serious or fatal injuries on the *primary victim*. Plaintiffs do not, as they cannot, allege that Herod-Graham inflicted serious or fatal injuries on Deanna Cook." October 14, 2015 Order 12, n.8 [163]. Thus, even if the City did not retain its immunity, the Court would still dismiss all of Plaintiffs' tort claims on summary judgment.

## Conclusion

For the reasons stated above, the Court grants the City's motion for summary judgment.

Signed February 6, 2019.

David C. Godbey
United States District Judge